14  853
119  53?

## NEW ORLEANS *v.* PIERRE D. POUTZ.

The principle enunciated in the case of *Municipality No. 1* v. *Wheeler & Blake,* 10 An. 745, to the effect, that an *ex post facto* law which does not relate to crimes and offences, and does not impair the obligations of contracts, nor divest vested rights, is not unconstitutional, reaffirmed.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Hunt & Denègre,* for plaintiff. *H. Griffon,* for defendant and appellant.

VOORHIES, J. The defendant is sued for taxes on capital, owned and employed by him within the limits of the late Municipality No. One, during a period of three years, 1848, 1849 and 1851. The plaintiff's warrant to levy these taxes, is the Act of 1850, approved February the 7th. The former, however, contends that the Act is retrospective in its character, and was intended to act upon things then wholly past ; hence its unconstitutionality.

In the case of the *Municipality No. One* v. *Wheeler & Blake,* 10 An. 745, where the same question was raised, it was held, that this statute was not unconstitutional. The court said : "It is not an *ex post facto* law, as it has no relation to crimes and penalties. Art. 8 of the Civil Code, which is the creation of

NEW ORLEANS
*v.*
POUTZ.

the legislative power, cannot control the power that created it. However repugnant to logic and sound policy they may be, retrospective laws in civil matters do not violate the Constitution, unless they tend to divest vested rights, or to impair the obligation of contracts, neither of which can be predicated of the Act in question."

In the case of the *City of New Orleans* v. *Cordeviolle & Lacroix*, 13 An. 268, the same point was decided in the same way, the court observing, that the constitutionality and legality of the law and ordinance, imposing the tax in question, had been fully discussed in the previous case of *Municipality No. One* v. *Wheeler & Blake.*

This is the fourth time that we are called upon to determine the point of the legality and constitutionality of what is termed the retroactive taxation by the City of New Orleans, under the provisions of the Act of the 7th of February, 1850. The doctrine of *stare decisis* finds, in this instance, its applicability, since we are called upon by the defendant, in order to grant him the relief sought, to reverse a rule repeatedly recognized and acted upon by this court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.